# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optima Specialty Steel, Inc.,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-12789 (   ) |
| In re:<br><br>Niagara LaSalle Corporation,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-12790 (   ) |
| In re:<br><br>The Corey Steel Company,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-12791 (   ) |
| In re:<br><br>KES Acquisition Company<br>d/b/a Kentucky Electric Steel,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-12792 (   ) |
| In re:<br><br>Michigan Seamless Tube LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-12793 (   ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

hereby move the Court (the "**Motion**"), pursuant to Rule 1015(b) of the Federal Rules of

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Optima Specialty Steel, Inc., 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310 (0641); Michigan Seamless Tube LLC, 400 McMunn Street, South Lyon, MI 48178 (3850); Niagara LaSalle Corporation, 1412 150th Street, Hammond, IN 46327 (0059); KES Acquisition Company d/b/a Kentucky Electric Steel, 2704 South Big Run Road, Ashland, KY 41102 (2858); and The Corey Steel Company, 2800 South 61st Court, Cicero, IL 60804 (0255).

Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order: (a) authorizing and directing the joint administration of the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for procedural purposes only, and (b) providing additional relief required in order to effectuate the foregoing. In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case

1. On the date hereof (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**").

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

### Jurisdiction, Venue and Statutory Predicates

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### Background

6. The Debtors are leading independent manufacturers of specialty steel products. These steel products include (i) special bar quality and merchant bar quality hot rolled steel bars,

(ii) value-added precision-tolerance, cold drawn seamless tubes, and (iii) high quality engineered cold finished steel bars. The Debtors' products are utilized across a diversified range of end markets, including transportation (e.g. automotive), energy (e.g. oil and gas shale extraction), agriculture, power generation, yellow goods/construction equipment, railroad car, industrial chain manufacturing, and trailer support beam flanges.

7.  All of the Debtors' manufacturing facilities are located in the United States, and each of the Debtors' operating units have operated in the steel industry for more than 50 years. In the aggregate, the Debtors have more than one thousand customers in the United States. These customers span many industries including transportation, energy, agriculture and power generation. The Debtors collectively employ more than 900 people.

8.  Although the Debtors' business is fundamentally sound, it has been affected by a period of macroeconomic and industry distress. These external and other factors rendered the Debtors incapable of repaying their long-term indebtedness at maturity. Accordingly, the Debtors have sought protection under Chapter 11 of the Bankruptcy Code to provide "breathing room" during which they will assess strategic options, address operational issues and consider restructuring proposals. During this period, the Debtors intend to continue their operations in the ordinary course of business.

9.  A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of the Chapter 11 Cases, is more fully set forth in the *Declaration of Mordechai Korf in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

**Relief Requested**

10. By this Motion, the Debtors seek entry of an order directing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only.

11. The Debtors also request that the caption of their Chapter 11 Cases be modified to reflect the joint administration of the Chapter 11 Cases substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| OPTIMA SPECIALTY STEEL, INC., *et al.*,[1] | Case No. 16-12789 (_____) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Optima Specialty Steel, Inc., 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310 (0641); Michigan Seamless Tube LLC, 400 McMunn Street, South Lyon, MI 48178 (3850); Niagara LaSalle Corporation, 1412 150th Street, Hammond, IN 46327 (0059); KES Acquisition Company d/b/a Kentucky Electric Steel, 2704 South Big Run Road, Ashland, KY 41102 (2858); and The Corey Steel Company, 2800 South 61st Court, Cicero, IL 60804 (0255).

12. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket in each of the above-captioned Chapter 11 Cases to reflect the joint administration of these Chapter 11 Cases:

> An order (the "**Joint Administration Order**") has been entered in this case directing the joint administration of the chapter 11 cases listed below under Case No. 16-12789. The docket in Case No. 16-12789 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Case No. 16-12789; Case No. 16-12790; Case No. 16-12791; Case No. 16-12792; and Case No. 16-12793.

13. Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered Chapter 11 Cases and that combined notices be sent to creditors of the Debtors' estates.

**Basis for Relief Requested**

14. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b). Michigan Seamless Tube LLC; Niagara LaSalle Corporation; KES Acquisition Company; and The Corey Steel Company are direct subsidiaries of Optima Specialty Steel, Inc., such that the Debtors constitute "affiliates" of one another within the meaning of section 101(2) of the Bankruptcy Code.[2] Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that the above-listed Debtors are affiliates of the lead Debtor.

15. Furthermore, Local Rule 1015-1 provides that the Court may order joint administration, without notice or a hearing, upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. Del. Bankr. L.R. 1015-1.

16. The First Day Declaration, filed simultaneously herewith, establishes that the Debtors, consisting of a parent corporation and 4 wholly-owned subsidiaries, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

17. Joint administration of these Chapter 11 Cases will ease the administrative burden on the Court and the parties, and protect creditors of different estates against potential conflicts

---

[2] Section 101(2) of the Bankruptcy Code defines "affiliate" to include, in relevant part, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2).

of interest.  The Debtors anticipate that there will be numerous notices, applications, motions, other documents, pleadings, hearings and orders in these Chapter 11 Cases.  With affiliated debtors, each with their own case docket, the failure to administer these Chapter 11 Cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists.  Such duplication of substantially identical documents would be uneconomical and would unnecessarily overburden the Debtors, the Clerk of this Court (the "**Clerk**"), creditors and other parties-in-interest in these Chapter 11 Cases.

18. Joint administration will permit the Clerk to use a single general docket for each of the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates.  Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in each of these Chapter 11 Cases.

19. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Chapter 11 Cases be in the form set forth in paragraph 11 of this Motion.  The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

20. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief requested herein is procedural in nature only and is in no way intended to affect substantive rights.  Each party-in-interest will maintain claims or rights it has against the particular estate in which it allegedly has a claim or right.  Indeed, the rights of all creditors will be enhanced by the efficiencies and reductions in costs resulting from joint administration.  The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files.  Supervision

of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will also be simplified.

21.     The relief requested herein is commonly granted in this District. *See, e.g.*, *In re BPS US Holdings Inc.*, Case No. 16-12373 (KJC) (Bankr. D. Del. Nov. 1, 2016); *In re IMX Acquisition Corp.*, Case No. 16-12238 (BLS) (Bankr. D. Del. Oct. 10, 2016); *In re Delivery Agent, Inc.*, (Case No. 16-12051 (LSS) (Bankr. D. Del. Sept. 16, 2016); *In re Maxus Energy Corporation*, Case No. 16-11501 (CSS) (Bankr. D. Del. June 20, 2016); *In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016); *In re RCS Capital Corporation*, Case No. 16-10223 (MFW) (Bankr. D. Del. Feb. 2, 2016).

**Consent to Jurisdiction**

22.     Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order or judgment absent consent of the parties.

**Notice**[3]

23.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) Wilmington Trust, National Association, as Indenture Trustee to the indentures governing the Secured Notes and Unsecured Notes; (c) creditors holding the forty (40) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (d) the Office of the United States Attorney for the District of Delaware; and (e) the Internal Revenue Service.  As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered with respect to the Motion in

---

[3] Capitalized terms used in the Notice section but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

accordance with the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Signature page follows*]

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: December 15, 2016

GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

-and-

Nancy A. Mitchell (*pro hac vice pending*)
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com

-and-

Paul J. Keenan Jr. (*pro hac vice pending*)
John R. Dodd (*pro hac vice pending*)
Ari Newman (*pro hac vice pending*)
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: keenanp@gtlaw.com
    doddj@gtlaw.com
    newmanar@gtlaw.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*