IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPTIMA SPECIALTY STEEL, INC., *et al.*,[1] | Case No. 16-12789-KJC |
| Debtors. | (Joint Administration Requested) |
| | **Ref. Docket No. 12** |

## INTERIM ORDER (A) ESTABLISHING PROCEDURES FOR ASSERTING, RESOLVING, AND SATISFYING RECLAMATION CLAIMS; AND (B) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") seeking entry of an order: (a) establishing exclusive procedures for asserting, processing, and satisfying any claims arising under section 546(c) of the Bankruptcy Code (the "**Reclamation Claims**") against the Debtors; and (b) granting related relief; and upon the *Declaration of Mordechai Korf in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"); and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Optima Specialty Steel, Inc., 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310 (0641); Michigan Seamless Tube LLC, 400 McMunn Street, South Lyon, MI 48178 (3850); Niagara LaSalle Corporation, 1412 150th Street, Hammond, IN 46327 (0059); KES Acquisition Company d/b/a Kentucky Electric Steel, 2704 South Big Run Road, Ashland, KY 41102 (2858); and The Corey Steel Company, 2800 South 61st Court, Cicero, IL 60804 (0255).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     For the reasons set forth on the record, the Motion is GRANTED as set forth herein.

2.     The deadline by which objections to the Motion and the final order must be filed is ___Jan 10, 2017___ at __4:00__ p.m. (Prevailing Eastern Time). A final hearing (the "**Final Hearing**") to consider the relief requested in the Motion, if required, will be held on ___Jan 13___, 2017 at __1:00__ p.m. (Prevailing Eastern Time). If no objections are filed to the Motion, the Court may enter the final order without further notice or hearing.

3.     In accordance with sections 105 and 362 of the Bankruptcy Code, Sellers and all other third parties are prohibited from reclaiming or interfering in any way with the postpetition shipment, delivery, or provision of Goods to the Debtors without first obtaining relief from this Court in accordance with this Order.

4.     The Debtors are hereby authorized to resolve all Reclamation Claims in accordance with the following Reclamation Procedures, which are hereby approved and authorized in their entirety:

   (a)     Any Seller asserting a Reclamation Claim must demonstrate that it has satisfied all procedural, timing and other requirements entitling it to a right of reclamation under applicable state law, Bankruptcy Code section 546(c)(1), and any applicable order of the Court.

   (b)     Any Seller asserting a Reclamation Claim must timely file with the Court a written demand (a "**Reclamation Demand**") that sets forth the information required by applicable state law and Bankruptcy Code section 546(c), including, without limitation, (i) a description of the Goods subject to the Reclamation Demand; (ii) the name of the Debtor entity to which such Goods were delivered and the address of delivery; (iii) any evidence of the date(s) such Goods

2

were shipped to and received by the Debtors and their alleged value; (iv) copies of any purchase orders, invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the Reclamation Demand is beings asserted; and (v) a statement indicating whether the Seller has filed or intends to file any other claim(s) against the Debtors relating to the Goods underlying its Reclamation Demand.

(c)   On or before the 120th day after the Petition Date, or such later date established by the Bankruptcy Court, the Debtors will file a report (as supplemented, the "**Report**") with the Bankruptcy Court setting forth the Debtors' proposed resolution of any Reclamation Demands.  The Report shall be served on: (i) the Office of the United States Trustee (the "**United States Trustee**") for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; (ii) counsel to any official committee appointed in these cases (the "**Committee**"); (iii) each Seller that is subject to the Report at the address indicated in its Reclamation Demand; (iv) counsel to Wilmington Trust, National Association, as Indenture Trustee to the indentures governing the Secured Notes and Unsecured Notes (each, as defined in the First Day Declaration); (v) counsel for the ad hoc group of a majority of the unaffiliated holders of the Secured Notes (the "**Secured Noteholder Group**"), Akin Gump Strauss Hauer & Feld, LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Esq.; and (vi) counsel for DDJ Capital Management, LLC, Latham and Watkins, LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Richard A. Levy, Esq. and Ted A. Dillman, Esq.) (each party, a "**Notice Party**" and collectively, the "**Notice Parties**").

(d)   Each Notice Party shall have twenty-one days from the date of the filing of the Report to file with the Court an objection thereto setting forth in detail the reasons why it objects to the Report (an "**Objection**").   Objections must also be served **so as to be received** by: (i) the Debtors, 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310; (ii) counsel to the Debtors, (a) Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware, 19801, Attn: Dennis A. Meloro, Esq., and (b) Greenberg Traurig, P.A., 333 S.E. 2nd Ave, Suite 4400, Miami, FL 33131, Attn: John R. Dodd; (iii) the Notice Parties; and (iv) any Seller that is affected by the Objection, at the addresses listed above, within such twenty-one day objection period.

(e)   If the Debtors become aware of any written Reclamation Demand that they received which was not included in the Report, the Debtors shall file a supplemental Report with the Court within

thirty days from the date that the Debtors discover such Reclamation Demand. The supplemental Report must be served so as to be received by the Notice Parties. Each Notice Party shall have twenty-one days from the date of the filing of the supplemental Report to file with the Court an Objection thereto setting forth in detail the reasons why it objects to the supplemental Report. Objections must also be served **so as to be received** by the (i) Notices Parties; (ii) the Debtors; (iii) counsel to the Debtors; and (vi) any Seller that is affected by the Objection, at the addresses listed above, within such twenty-one day objection period.

(f)    If no Objection to a Report is filed and served within the time periods set forth above with respect to a particular Reclamation Demand, then the Report shall be deemed final as to the validity and resolution of such Reclamation Demand.

(g)    If an Objection to a Report is filed and served within the time periods set forth above with respect to a particular Reclamation Demand, the Debtors shall attempt, in consultation with the Secured Noteholder Group, and with DDJ Capital Management, LLC (unless and until it becomes a member of the Secured Noteholder Group or any official committee appointed in these Chapter 11 Cases), to reach a consensual resolution of such Objection. If no consensual resolution is reached within sixty days after the date of such Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Objection, the Debtors shall thereafter file a motion for the Court to resolve such Objection.

(h)    The Debtors are authorized, in consultation with the Secured Noteholder Group, and with DDJ Capital Management, LLC (unless and until it becomes a member of the Secured Noteholder Group or any official committee appointed in these Chapter 11 Cases), to negotiate with all Sellers and to reach an agreement with any Seller. In the event that the Debtors and a Seller are able to settle on the resolution of the Seller's asserted Reclamation Demands, the Debtors shall file a notice of settlement (the **"Settlement Notice"**) with the Court and serve such Settlement Notice on the Notice Parties and any Seller subject to the settlement. The Notice Parties shall have twenty-one days from the date of the Settlement Notice to file with the Court an objection thereto. Objections must also be served so as to be received by: (i) the Debtors; (ii) counsel to the Debtors; and (iii) the Notice Parties, at the addresses listed above, within such twenty-one day objection period.

(i)    If no objection to a Settlement Notice is timely filed and served, the Reclamation Demand shall be treated in accordance with the

Settlement Notice upon filing a certification of no objection with the Court. If an objection is timely filed and served and no consensual resolution of such objection is reached, the Debtors will schedule the matter for an omnibus hearing scheduled in these cases to have the Court resolve such objection.

(j)     Nothing in the Reclamation Procedures shall effect the automatic stay with respect to any Goods pursuant to Bankruptcy Code section 362(a), nor the procedures, standards, and burden of proof applicable and/or required pursuant to Bankruptcy Code section 362(a) to any attempt by a Seller to obtain possession of any of the Goods. Without limiting the foregoing, no Seller shall be entitled to reclaim any Goods without first filing a motion with the Court for relief from the automatic stay and except to the extent such motion is granted, and the Debtors and all other parties in interest reserve all rights to object to such motion. Sellers shall be prohibited from seeking relief from the stay with respect to any Reclamation Demand until the time a Report is filed by the Debtors with respect to such Reclamation Demand.

4.     The Reclamation Procedures shall be the sole and exclusive method for the assertion, resolution, and payment of Reclamation Claims against the Debtors. All Sellers are hereby prohibited from seeking any other means for the resolution or other satisfaction of Reclamation Claims, including, without limitation, (i) commencing adversary proceedings or contested matters against the Debtors in connection with any Reclamation Claim except as the Reclamation Procedures permit; (ii) seeking to regain possession of any Goods except as the Reclamation Procedures permit; or (iii) interfering with the delivery of any Goods to the Debtors or the retention of any Goods by the Debtors.

5.     Nothing contained in this Order limits the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims. Nothing contained in this Order determines any treatment of any Reclamation Claim resolved pursuant to the Reclamation Procedures.

6.      Nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Seller or any other third party.  The Debtors reserve the right to dispute any claim on any grounds.

7.      Nothing contained in this Order, nor implementation of the procedures established herein, shall be deemed to be an assumption or rejection of any executory contract by the Debtors.

8.      Notwithstanding anything to the contrary contained herein, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of any debtor-in-possession financing order or any other order regarding the Debtors' use of cash collateral entered in the Chapter 11 Cases (together with any approved budgets in connection therewith).

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated:  December 19, 2016

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

6