IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPTIMA SPECIALTY STEEL, INC., *et al.*,[1] | Case No. 16-12789 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 634, 635, 636, 778, 779 |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) SETTING CONFIRMATION HEARING AND RELATED DEADLINES, (III) APPROVING FORM AND MANNER OF NOTICE, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 1123(a), 1124, 1125, 1126, 1128 and 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3019 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order: (I) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and Its Affiliated Debtors and Debtors in Possession* filed on April 28, 2017 [Docket No. 635] (as amended on May 24, 2017 [Docket No. 779], and including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**");[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Optima Specialty Steel, Inc., 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310 (0641); Michigan Seamless Tube LLC, 400 McMunn Street, South Lyon, MI 48178 (3850); Niagara LaSalle Corporation, 1412 150th Street, Hammond, IN 46327 (0059); KES Acquisition Company d/b/a Kentucky Electric Steel, 2704 South Big Run Road, Ashland, KY 41102 (2858); and The Corey Steel Company, 2800 South 61st Court, Cicero, IL 60804 (0255).

[2] Unless otherwise defined herein, all capitalized terms in this Order shall have the meaning ascribed to them in the Motion.

(II) setting the Confirmation Hearing and related deadlines, (III) approving the form and manner of notice of the approval of the Disclosure Statement, deadline to object to confirmation of the Plan and the Confirmation Hearing, including notice by publication; and (IV) granting related relief; and it appearing that this Court, has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper in this district pursuant to 29 U.S.C. §§ 1408 and 1409; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2); and finding that notice of the Motion was adequate and sufficient under the circumstances and that no further notice need be given; and this Court having reviewed the Motion and determining that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. Notice of the Motion and the Disclosure Statement Hearing was served in accordance with the applicable Bankruptcy Rules and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

B. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

C. The content of the Information Package, as set forth in the Motion and attached hereto as **Exhibit A**, complies with Bankruptcy Rules 2002 and 3017 and constitutes sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

D. Ballots need not be provided to the Holders of any Claims or Interests because the Plan provides that all Holders are Unimpaired and are conclusively deemed to have accepted the

2

Plan pursuant to section 1126(f) of the Bankruptcy Code, and thus, are not entitled to vote to accept or reject the Plan.

E. The notice of the Confirmation Hearing, as contained in the Information Package, satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

F. The proposed timeline for the Confirmation Hearing complies with the Bankruptcy Code and the applicable Bankruptcy Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

G. The Debtors have the right to seek modifications or extensions of the matters governed by this Order.

H. The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is hereby approved as containing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code. Any objections that have not previously been withdrawn or resolved are hereby overruled. The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and Information Package.

3. **Disclosure Statement Hearing Notice**. The notice of the Disclosure Statement Hearing and service thereof, as described in the Motion, complies with the requirements of Bankruptcy Rules 2002(b) and 3017 and shall constitute sufficient notice of the Disclosure Statement Hearing.

4. **Information Package**. The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to each known Holder of a Claim against or Interest in the Debtors,

an Information Package substantially in the form of the attached **Exhibit A**, which contains the following:

      a.      notice of the Disclosure Statement Order;

      b.      notice of the Confirmation Hearing and Plan Objection Deadline;

      c.      a summary of the Plan and proposed treatment of all Claims and Interests;

      d.      notice of non-voting status of all Holders of Claims and Interests; and

      e.      instructions on how Holders of Claims or Interests can obtain a copy of the Plan and Disclosure Statement.

5.    **Confirmation Hearing Notice**. Notice of the Confirmation Hearing, as contained in the Information Package, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), shall constitute sufficient notice of the Confirmation Hearing, and is approved. The notice contained in the Information Package shall advise that any party wishing to obtain a copy of the Disclosure Statement and/or the Plan may do so by contacting the Claims Agent, by (i) first-class mail addressed to Optima Specialty Steel, Inc. Case Administration, c/o GCG, P.O. Box 10355, Dublin, Ohio 43017-5555, or personal delivery or overnight courier addressed to Optima Specialty Steel, Inc. Case Administration, c/o GCG, 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017, (ii) telephoning the Claims Agent at (866) 550 5957 or (iii) e-mailing a request to the Claims Agent at OMAinfo@gardencitygroup.com. Further, the Information Package will make clear that copies of the Plan and the Disclosure Statement will be available to be viewed and can be printed, at no charge, on the Debtors' case website (http://cases.gardencitygroup.com/OMA) or at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

6.     **Notice Commencement Date**.  The Debtors shall complete, or cause to be completed, the distribution of the Information Package to all Holders of Claims or Interests, as applicable, within three (3) business days after entry of the Disclosure Statement Order (the "**Notice Commencement Date**").

7.     **Undeliverable or Returned Notices and Information Packages**.  The Debtors shall not be required to mail an Information Package to any Holders of Claims or Interests at addresses that are determined to be undeliverable.  If a Holder of a Claim or Interest has changed its mailing address, either before or after the Notice Commencement Date, such Holder shall advise the Claims Agent and the Debtors of its new address.  In the event the Debtors send a Holder of Claims or Interests an Information Package that is thereafter returned as undeliverable, and the Claims Agent and the Debtors, after a reasonable attempt, are unable to obtain corrected address information for such Holder, then the Debtors are excused from attempting to re-deliver such materials to such Holder.

8.     **Prior Payment of Claim and Information Package**.  The Debtors shall not be required to mail an Information Package to a Holder of a Claim that has already been paid in full during the Chapter 11 Cases or that is authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

9.     **Notice by Publication**.  The Debtors are authorized to publish the Publication Notice once in any one of USA Today, The Wall Street Journal, or The New York Times by **June 1, 2017**.  Such publication is adequate and sufficient notice to all Holders of Claims or Interests unknown to the Debtors as well as parties in interest for whom service of the Information Package was unsuccessful or otherwise impracticable.

10.    The publication of the Publication Notice shall be deemed adequate and sufficient notice to all Holders of Claims or Interests unknown to the Debtors as well as parties in interest

for whom service of the Disclosure Statement Hearing Notice was unsuccessful or otherwise impracticable.

11. **Confirmation Hearing**. The date set for the Confirmation Hearing shall be **June 29, 2017 at 1:30 p.m. (prevailing Eastern Time)** at 824 N. Market St., 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued by the Debtors from time to time. If the Confirmation Hearing is continued, the Debtors shall file a notice on the docket reflecting the same.

12. **Objection Procedures Regarding Confirmation of the Plan**. The deadline for filing and serving any written objections to Confirmation of the Plan (including any supporting memoranda) (a "**Plan Objection**") shall be **June 22, 2017, at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**").

13. Plan Objections, if any, shall (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any Plan Objection; and (iv) be filed with the Court, together with proof of service, and served so that they are actually received on or before the Plan Objection Deadline by the following parties: (a) counsel to the Debtors, (1) Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Dennis A. Meloro, Esq.), and (2) Greenberg Traurig, LLP, 333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131 (Attn: Paul J. Keenan Jr., Esq.); (b) counsel to the Plan Sponsor, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899 (Attn: Mark S. Chehi, Esq.); (c) counsel to the DIP Lenders, Latham & Watkins, LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Richard A. Levy, Esq.); and (d) counsel to the Official Committee of Unsecured Creditors, (1) Squire Patton Boggs (US) LLP, 221 E. Fourth Street, Suite 2900, Cincinnati, Ohio

45202 (Attn: Stephen Lerner, Esq.), and (2) Squire Patton Boggs (US) LLP, 30 Rockefeller Plaza, 23rd Floor, New York, New York 10112 (Attn: Norman Kinel, Esq. and Nava Hazan, Esq.).

14. Any Plan Objection that is not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed to be overruled. The Debtors or any other party supporting Confirmation of the Plan are authorized to file a response to any Plan Objection no later than **June 27, 2017 at 4:00 p.m. (prevailing Eastern Time)**. At that time, the Debtors will also file their proposed findings of fact and conclusions of law with a form of order confirming the Plan, and may file any memorandum of law in support of Confirmation of the Plan.

15. **Administrative Claims Bar Date.** Pursuant to section 2.1 of the Plan, each Entity that holds or wishes to assert an administrative expense claim against the Debtors' Estates pursuant to sections 503(b), 507(a)(2) or any other applicable section of the Bankruptcy Code, including without limitation administrative expense claims arising under an Executory Contract, except for claims arising under section 503(b)(9) of the Bankruptcy Code, which are subject to the Bar Date Order entered by the Bankruptcy Court on March 10, 2017 [Docket No. 382], shall have no later than thirty (30) days after the Effective Date to file such Administrative Claim (the "**Administrative Claims Bar Date**"), unless otherwise ordered by the Bankruptcy Court. Notwithstanding the foregoing, no filing is required for any of the following: (i) DIP Claims, (ii) Professional Claims, (iii) Administrative Claims Allowed by an order of the Bankruptcy Court on or before the Effective Date, or (iv) Administrative Claims that are not Disputed and arose in the ordinary course of business and were paid or are to be paid in accordance with the terms and conditions of the particular transactions giving rise to such Administrative Claims.

16. The request for payment of any such Administrative Claim shall be filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent, **so as to be actually received on or before the Administrative Claims Bar Date**, and all Administrative Claims shall be in writing, provide with specificity the legal and factual basis for the alleged claim, including supporting documentation or an explanation as to why documentation is not available, and be signed by the claimant or an authorized agent of the claimant. Administrative Claims shall be filed as follows:

> Via first class mail:
>
> Optima Specialty Steel, Inc. Case Administration
> c/o GCG
> PO Box 10355
> Dublin, OH 43017-5555
>
> Via overnight courier or hand delivery:
>
> Optima Specialty Steel, Inc. Case Administration
> c/o GCG
> 5151 Blazer Parkway, Suite A
> Dublin, OH 43017

17. **Non-Substantive Changes**. The Debtors are authorized to make (i) non-substantive changes to the Disclosure Statement, Information Package and any related documents, and (ii) changes to the Plan to the extent permitted under section 1127 of the Bankruptcy Code, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make nonmaterial conforming changes among the Disclosure Statement, the Plan, and any other materials in the Information Package.

18. Notwithstanding anything to the contrary herein, all parties' rights with respect to the Plan and confirmation thereof are fully reserved, including, without limitation, whether or not Claims or Interests are Impaired or Unimpaired under the Plan.

19. The Debtors and the Claims Agent are authorized and empowered to take any and all actions necessary to implement the terms of this Disclosure Statement Order.

20. The terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

21. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Disclosure Statement Order.

Dated: May 25, 2017

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE