## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPTIMA SPECIALTY STEEL, INC., *et al.*,[1] | Case No. 16-12789 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 875** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF OPTIMA SPECIALTY STEEL, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION (AS MODIFIED)

Upon consideration of:

- the *Second Amended Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and Its Affiliated Debtors and Debtors in Possession (as Modified)* [Docket No. 875] (as amended, modified, or supplemented from time to time, including in the final form attached as **Exhibit 1** to this Order, the "**Plan**")[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") on June 16, 2017;

- the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket No. 779] (the "**Disclosure Statement**") filed by the Debtors on May 25, 2017;

- the *Plan Supplement to the Debtors' Plan of Reorganization* [Docket No. 747] filed on May 12, 2017 and the *Notice of Amendment to Plan Supplement to the Debtors' Plan of Reorganization* [Docket No. 780] filed on May 25, 2017 (collectively, and as the same may be further amended, supplemented or modified from time to time, the "**Plan Supplement**");

- the *Order Granting Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement, (II) Setting Confirmation Hearing and Related Deadlines, (III) Approving*

---

[1] The Debtors in these Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  Optima Specialty Steel, Inc., 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310 (0641); Michigan Seamless Tube LLC, 400 McMunn Street, South Lyon, MI 48178 (3850); Niagara LaSalle Corporation, 1412 150th Street, Hammond, IN 46327 (0059); KES Acquisition Company d/b/a Kentucky Electric Steel, 2704 South Big Run Road, Ashland, KY 41102 (2858); and The Corey Steel Company, 2800 South 61st Court, Cicero, IL 60804 (0255).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan. Any capitalized term not defined in the Plan or this Confirmation Order, but used in the Bankruptcy Code the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

*Form and Manner of Notice, and (IV) Granting Related Relief* [Docket No. 784] (the "**Disclosure Statement Order**") entered on May 25, 2017;

- the *Affidavit of Service* [Docket No. 803] (the "**Service Affidavit**") of the Disclosure Statement Order and the *Information Package Summarizing Plan and Certain Plan Terms, and Notice of: (I) Approval of Disclosure Statement; (II) Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan; and (IV) Administrative Claims Bar Date* ("**Information Package**");

- the *Notice of Filing of Proof of Publication of the Notice of (I) Hearing to Consider Confirmation of and Deadline for Objections to Chapter 11 Plan of Optima Specialty Steel, Inc. and its Affiliated Debtors and Debtors in Possession and (II) Administrative Claims Bar Date in the New York Times* [Docket No. 869] (the "**Publication Affidavit**");

- the declarations that have been filed in connection with the Confirmation Hearing (collectively, the "**Declarations**"), including:

  o the *Declaration of Michael S. Correra in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and Its Affiliated Debtors and Debtors in Possession (as Modified)* [Docket No. 895];

  o the *Declaration of James Doak in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and Its Affiliated Debtors and Debtors in Possession (as Modified)* [Docket No. 892];

- the sole objection that has been filed to Confirmation;

- the *Statement of DDJ Capital Management, LLC in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 868] (the "**DDJ Statement in Support**");

- the *Debtors' Memorandum of Law (I) in Support of Request for Entry of an Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and its Affiliated Debtors and Debtors in Possession and (II) in Reply to Objection to Confirmation (as Modified)* [Docket No. 881] (the "**Confirmation Brief**");

- all oral representations, arguments, fact and expert testimony, documents, filings and evidence presented at or in connection with the hearing held on June 29, 2017 (the "**Confirmation Hearing**") to consider Confirmation; and

- the entire record of the Debtors' Chapter 11 Cases, as to which the Bankruptcy Court takes judicial notice.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party-in-interest to object to Confirmation have been adequate and appropriate, and the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan (in the final form attached as **Exhibit 1** to this Order) and presented at the Confirmation Hearing, including but not limited to the Declarations, Confirmation Brief, and DDJ Statement in Support, establish just cause for the relief granted herein, and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

A.    <u>Jurisdiction; Venue; Core Proceeding</u>. The Bankruptcy Court has jurisdiction over these Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code. Since the Petition Date, venue has been, and is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and upon which the Bankruptcy Court may issue a final order.   The Bankruptcy Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    <u>Eligibility for Relief</u>. The Debtors were, and are, entities eligible for relief under section 109 of the Bankruptcy Code.   The Debtors are proper proponents of the Plan under section 1121 of the Bankruptcy Code.

C.    <u>Commencement; Joint Administration; Creditors' Committee</u>.   On the Petition Date, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each Debtor is authorized to continue operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   By prior order of the Bankruptcy Court authorizing the joint administration of the Chapter 11 Cases

[Docket No. 48], these Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). An Official Committee of Unsecured Creditors (the "**Creditors' Committee**") was appointed on January 4, 2017 [Docket No. 120].

D.   <u>Judicial Notice</u>.   The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for Confirmation) the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases, including, but not limited to, the Confirmation Hearing.   Any resolutions of objections to Confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference, and any unresolved objections, statements, and reservations of rights are hereby overruled on the merits.

E.   <u>Burden of Proof</u>.   The Debtors, as proponents of the Plan, have met their burden of proving that the Plan complies with each necessary element of section 1129(a) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard for Confirmation.   The Bankruptcy Court also finds that the Debtors have satisfied the elements of section 1129(a) of the Bankruptcy Code by clear and convincing evidence.   Each of the witnesses who testified on behalf of the Debtors was credible, reliable and qualified to testify as to the topics addressed in his or her testimony.

F.   <u>Transmittal and Mailing of Materials; Notice</u>.   The Information Package was transmitted and served in compliance with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules, and such transmittal and service was adequate and sufficient,

4

and no other or further notice is or shall be required.  All Holders of Claims and Interests, and all other parties in interest, were duly given notice of, and had a full and fair opportunity to be heard in connection with, the Plan, pursuant to and in satisfaction of the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, as evidenced by the Service Affidavit and Publication Affidavit.  The Information Package and the Publication Affidavit complied with the Disclosure Statement Order and all other applicable rules, laws, and regulations in all respects.  Proper, timely, and adequate notice of the Confirmation Hearing and deadline to object to the Plan has been provided to all necessary persons and entities and such notice was sufficient and appropriate under the particular circumstances, and no other or further notice is required.

G.    Solicitation and Voting.  No solicitation of an acceptance or rejection of the Plan from any Holder of a Claim or Interest was necessary or appropriate.  Each such Holder is Unimpaired and is deemed conclusively to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Thus, no such Holder is entitled to vote to accept or reject the Plan.

H.    All Classes Deemed to Have Accepted the Plan.  All Classes of Claims and Interests are Unimpaired and are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

I.    Plan Supplement.  On May 12, 2017 and May 25, 2017, the Debtors filed the Plan Supplement, which included, as exhibits thereto, the following documents relating to the Plan (including exhibits and schedules thereto and as amended, modified, or supplemented, from time to time, including the *Amendment to Schedule of Rejected Executory Contracts and Unexpired Leases* [Docket No. 890] filed on June 28, 2017, collectively, the "**Plan Supplement Documents**"): (i) the Debtors' 2016 Annual Report; (ii) the Debtors' Five Year Financial Projections; (iii) the Debtors' Liquidation Analysis (the "**Liquidation Analysis**"); (iv) the

5

Administrative Claim Request Form; (v) the Structure of the Debtors after the Effective Date; (vi) the Debtors' Retained Causes of Action; and (vii) the Debtors' Schedule of Rejected Executory Contracts. The Plan Supplement complies with the terms of the Plan. Notice of the applicable Plan Supplement Documents was good and proper in accordance with the Bankruptcy Code, Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required. The Debtors are authorized to modify the Plan Supplement Documents in accordance with the Plan.

J.    Modifications to Plan. Any modifications to the Plan since the entry of the Disclosure Statement Order are consistent with all of the provisions of the Bankruptcy Code, including sections 1122, 1123, 1125, and 1127 thereof. No such modifications materially or adversely affect or change the treatment of any Claims or Interests. The filing of the Plan, as modified, with the Bankruptcy Court, and the disclosure of the Plan modifications on the record at or before the Confirmation Hearing, constitute due and sufficient notice of any and all such modifications. Pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims or Interests be afforded an opportunity to cast acceptances or rejections of the Plan. The Plan as modified shall constitute the Plan submitted for confirmation and confirmed hereby.

K.    Bankruptcy Rules 3016(a) and (b). The Plan is dated and identifies the entities submitting it as the Debtors, which term is defined in the Plan, thereby satisfying Bankruptcy Rule 3016(a). The Disclosure Statement was filed with the Clerk of the Bankruptcy Court, thereby satisfying Bankruptcy Rule 3016(b).

6

L.      <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies the requirements

for confirmation set forth in section 1129 of the Bankruptcy Code.

M.      <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan

complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and

1123, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

1.      <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition to the Administrative Claims, DIP Claims, and Priority Tax Claims listed in Article II of the Plan, which need not be classified, the Plan designates seven (7) Classes of Claims and Interests, based on differences in the legal nature or priority of such Claims against and Interests in each Debtor.  In accordance with section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only, respectively, Claims and Interests that are substantially similar to the other Claims and Interests within that Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications were not implemented for any improper purposes, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims and Interests. Therefore, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.      <u>All Classes Unimpaired (11 U.S.C. § 1123(a)(2))</u>.  Articles III and IV of the Plan specify that all Classes of Claims and Interests are Unimpaired under the Plan.   Additionally, Article II of the Plan specifies that Administrative Claims, the DIP Claims, and Priority Tax Claims are Unimpaired, although these Claims are not classified under the Plan. Accordingly, the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

3.      <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  The Plan does not designate any Class of Claims or Interests as Impaired. Accordingly, the requirement of section 1123(a)(3) of the Bankruptcy Code to specify the treatment of any class of claims or interests that is Impaired under the Plan does not apply.

4.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  Article IV of the Plan provides the same treatment and opportunity for each Claim or Interest within a particular Class (and Debtor group) unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.  The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

5.    Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan, including, among other things, Article VI of the Plan and the Plan Supplement, provide in detail adequate and proper means for the Plan's implementation, including, but not limited to: (a) the Exit Facility, (b) the Plan Sponsor Contribution, and (c) the Reinstatement of the Existing Optima Common Stock.

6.    No Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6)).  The Plan does not propose the issuance of nonvoting equity or other securities; accordingly the prohibition on issuance of nonvoting securities is inapplicable.

7.    Designation of Directors (11 U.S.C. § 1123(a)(7)).  As set forth in Article 6.10 of the Plan, on the Effective Date, the New Board and the New Subsidiary Debtor Boards shall be comprised of the parties serving on such boards on the Petition Date.  The provisions set forth in the Plan for the selection of the officers and directors are consistent with the interests of creditors and equity holders and with public policy, and therefore section 1123(a)(7) of the Bankruptcy Code is satisfied.

8.    Additional Plan Provisions (11 U.S.C. § 1123(b)).  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for: (a) distributions to Holders of Allowed Claims; (b) the rejection or assumption of Executory Contracts and Unexpired Leases; (c) the retention of, and right to enforce, sue on, settle, or compromise Claims and/or Causes of Action; (d) resolution of Disputed Claims; (e) the exculpation and release of various entities as set forth in Article X of the Plan; (f) the various injunctions set forth in the Plan; and (g) the vesting of all property and assets of the Debtors and all Causes of Action in the Reorganized Debtors (subject to the provisions of Articles 6.14 and 6.15 of the Plan), thereby satisfying section 1123(b) of the Bankruptcy Code.

9.    Cure of Defaults (11 U.S.C. § 1123(d)).  Article 7.2 of the Plan provides that any monetary amounts by which each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, solely by Cure.  Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

N.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The

Debtors have complied with all applicable provisions of the Bankruptcy Code, including, but not

limited to sections 1122, 1123, 1124, 1125, 1126, and 1128 of the Bankruptcy Code, and

Bankruptcy Rules 3017, 3018, and 3019, thereby satisfying section 1129(a)(2) of the Bankruptcy

Code.    The Debtors and their respective present and former members, officers, directors, employees, advisors, attorneys, and agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan, so long as such distributions are made consistent with and pursuant to the Plan.

O.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    The Debtors and the Plan Sponsor have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of these Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Debtors, the Plan Sponsor, and their respective counsel and advisors, as applicable, participated in good faith in negotiating, at arms' length, the Plan and the contracts, instruments, releases, agreements and documents related to or necessary to implement, effectuate and consummate the Plan. Each of the Debtors, the Plan Sponsor, and their respective counsel and advisors, as applicable, also participated in good faith in each of the actions taken to bring about, and in satisfying each of the conditions precedent to, confirmation and consummation of the Plan. The Debtors' and the Plan Sponsor's good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases.

9

P.     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).   Any

payment made or to be made by any of the Debtors for services or for costs and expenses in or in

connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter

11 Cases has been approved by, or is subject to the approval of, the Bankruptcy Court as

reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).   The Debtors have

complied with section 1129(a)(5) of the Bankruptcy Code.  Pursuant to Article 6.10 of the Plan,

on the Effective Date, the New Board and the New Subsidiary Debtor Boards shall be comprised

of the parties serving on such boards on the Petition Date.  The appointment of such individuals

to such positions is consistent with the interest of Holders of Claims and Interests and public

policy, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.

R.     No Rate Changes (11 U.S.C. § 1129(a)(6)).   Section 1129(a)(6) of the Bankruptcy

Code is satisfied because the Plan does not provide for any change in rates over which a

governmental regulatory commission has jurisdiction.

S.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).   The Plan satisfies section

1129(a)(7) of the Bankruptcy Code.  The Liquidation Analysis and other evidence in support of

the Plan that was proffered or adduced at or prior to the Confirmation Hearing, or in the

Declarations: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence

was prepared, presented, or proffered; (b) utilizes reasonable and appropriate methodologies and

assumptions; (c) has not been controverted by other evidence; and (d) establishes that each

Holder of a Claim or Interest is Unimpaired and that, even if Impaired, will receive or retain

under the Plan, on account of such Claim or Interest, property of a value, as of the Effective

Date, that is not less than the amount that such Holder would receive or retain if the Debtors

were liquidated under chapter 7 of the Bankruptcy Code on such date, taking into account the existence of any potential avoidance actions.

T.    Acceptance by All Classes (11 U.S.C. § 1129(a)(8)).  All Classes of Claims and Interests are Unimpaired.   Accordingly, all Classes are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, and, therefore, the Plan satisfies section 1129(a)(8) of the Bankruptcy Code.

U.    Treatment of Administrative Claims, DIP Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims, DIP Claims, and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as all such Claims that are Allowed will be paid in full in Cash on or as soon as practicable after the Effective Date (to the extent not previously paid) or such Holders have agreed to a different treatment; provided that the DIP Claims shall be paid on the Effective Date in accordance with the provisions of Article 2.2 of the Plan.

V.    Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10)).  Section 1129(a)(10) of the Bankruptcy Code does not apply to the Plan because the Plan does not provide for any Class of Claims or Interests to be Impaired.

W.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Brief, the Declarations, the Liquidation Analysis, the executed Exit Facility commitment agreements, and all evidence proffered, adduced, or presented at the Confirmation Hearing and in the entire record of these Chapter 11 Cases, collectively: (a) are reasonable, persuasive, credible, and accurate as of the dates prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; (d) establish that the Plan is feasible and that

11

Confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors; and (e) establish that upon the occurrence of the Effective Date the Debtors will have sufficient funds available to meet their obligations under the Plan, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

   X. Payment of Fees (11 U.S.C. § 1129(a)(12)).  Article 13.2 of the Plan provides that all fees payable under section 1930 of title 28 of the United States Code have been paid or will be paid on and after the Effective Date, and thereafter as may be required, for each Debtor until entry of a final decree with respect to such Debtor, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

   Y. Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Article 6.13(b) of the Plan provides for the Reorganized Debtors to assume the Debtors' obligations under the Multi-Employer Plan, the Single Employer Plan and the Niagara LaSalle Corporation Supplemental Executive Retirement Plan, and accordingly, to the extent such plans provide for retiree benefits within the meaning of section 1114 of the Bankruptcy Code, the Plan provides for the continuation after the Effective Date of payment of such retiree benefits under such plans.  The Debtors have no other obligations to provide any such retiree benefits.  Thus, section 1129(a)(13) of the Bankruptcy Code is satisfied.

   Z. Sections 1129(a)(14), 1129(a)(15) and 1129(a)(16).  The Debtors are not individuals, do not owe any domestic support obligations, and are not nonprofit corporations. Therefore, sections 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.

AA.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  Other than the Plan (including previous versions thereof), no other plan has been filed in these Chapter 11 Cases.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

BB.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Accordingly, the requirements of section 1129(d) of the Bankruptcy Code have been satisfied.

CC.    <u>Small Business Case (11 U.S.C. § 1129(e))</u>.  None of these Chapter 11 Cases is a "small business case" as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

DD.    <u>Exit Facility</u>.  The Exit Facility is an essential element of the Plan, and entry into the Exit Facility is fair and reasonable and in the best interests of the Debtors, their Estates, and the Holders of Claims and Interests.  The Debtors have exercised sound business judgment in determining to seek entry into the Exit Facility and have provided adequate notice thereof.  The lender under the Exit Facility is at arm's length from the Debtors or Reorganized Debtors, as applicable, and the Exit Facility Lenders, and any credit extended and loans made to the Reorganized Debtors by the Exit Facility Lenders pursuant to the Exit Facility, and any fees paid thereunder, are deemed to have been extended, issued, and made in good faith.

EE.    <u>Assumed and Rejected Executory Contracts and Unexpired Leases</u>.  The Debtors have exercised their reasonable business judgment in determining which Executory Contracts and Unexpired Leases to assume and which Executory Contracts and Unexpired Leases to reject, as detailed in Article VII of the Plan and the Schedule of Rejected Executory Contracts and Unexpired Leases in the Plan Supplement Documents.  Each assumption or rejection of an

13

Executory Contract or Unexpired Lease pursuant to Article VII of the Plan and the Schedule of Rejected Executory Contracts and Unexpired Leases, as amended, shall be legal, valid, and binding upon the Debtors or Reorganized Debtors and their assignees or successors and all non-Debtor parties (and their assignees or successors) to such Executory Contract or Unexpired Lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

FF.    <u>Adequate Assurance</u>.  The Debtors have cured, or by reason of (among other things) their financial condition on and after the Effective Date have provided adequate assurance that the Reorganized Debtors or their successors or assignees will cure, defaults (if any) under or relating to each of the Executory Contracts and Unexpired Leases that is being assumed by the Debtors pursuant to the Plan. In addition, the Debtors have provided adequate assurance of future performance regarding the Executory Contracts and Unexpired Leases that are being assumed by the Debtors as contemplated pursuant to section 365(b)(l)(C) of the Bankruptcy Code.

GG.    <u>Substantive Consolidation</u>.  The deemed substantive consolidation of the Estate and Chapter 11 Case of each Debtor with the Estate and Chapter 11 Case of each other Debtor for distribution purposes only contemplated by Article 6.1 of the Plan, which is unopposed, is consistent with, and permissible under, applicable law in the Third Circuit. This deemed substantive consolidation will have no material impact on distributions to creditors.

HH.    <u>Plan Conditions to Confirmation</u>. Any and all conditions to confirmation set forth in the Plan have been satisfied or waived in accordance with the terms of the Plan.

II.     Plan Conditions to Consummation. Each of the conditions precedent to the Effective Date, as set forth in Article 11.1 of the Plan, is reasonably likely to be satisfied or waived in accordance with the terms of the Plan.

JJ.     Good Faith. The Debtors and the Plan Sponsor have proposed the Plan in good faith, with the legitimate and honest purposes of maximizing the value of each of the Debtors' Estates for the benefit of their stakeholders. Accordingly, the Debtors and the Plan Sponsor (and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, partners, Affiliates, and representatives) have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed or contemplated by this Confirmation Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

KK.     Disclosure. The Debtors have disclosed all material facts regarding: (a) the distribution of Cash under the Plan; (b) the adoption, execution, and implementation of the other matters provided for under the Plan involving corporate or limited liability company (as applicable) action to be taken by or required of the Debtors; (c) the entry into the Exit Facility Documents; and (d) the adoption, execution, and delivery of all contracts, leases, instruments, securities, releases, indentures, and other agreements related to any of the foregoing.

LL.     Transfers by Debtors; Vesting of Assets Free and Clear. Except as otherwise explicitly provided in the Plan, including in Articles 6.6 and 13.4 of the Plan, on the Effective Date, all property comprising the Estate (including Causes of Action, but excluding property (if any) that has been abandoned pursuant to an order of the Bankruptcy Court) shall vest in the Reorganized Debtors which, as Debtors, owned such property or interest in property as of the

15

Effective Date, free and clear of all Claims, Liens, charges, encumbrances, rights, and Interests. As of and following the Effective Date, the Reorganized Debtors may operate their business and use, acquire, and dispose of property and settle and compromise Claims, Interests, or Causes of Action without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan or this Confirmation Order. Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, to the fullest extent possible under applicable law, on the Effective Date, the Reorganized Debtors or their successors shall retain and may enforce, and shall have the sole right to enforce, prosecute, abandon, dismiss, compromise or settle any claims, demands, rights, and those Causes of Action (and rights with respect thereto) that the Debtors may hold against any Entity, except those Causes of Action that are released or subject to exculpation pursuant to the Plan.

MM.    <u>Approval of Settlements and Compromises</u>. Pursuant to sections 105, 363, and 1123(b)(3) of the Bankruptcy Code, Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided pursuant to the Plan, or any distribution to be made on account of an Allowed Claim, all settlements and compromises of Claims and Interests embodied in the Plan constitute good faith compromises and settlements of Claims and Interests, including, without limitation, Article 10.6 of the Plan, and such compromises and settlements are fair, equitable, reasonable and appropriate in light of the relevant facts and circumstances underlying such compromises and settlements, and are in the best interests of the Debtors, their Estates and Holders of Claims and Interests.

NN.    <u>Rule 54(b) Judgment</u>.   To the extent Rule 54(b) of the Federal Rules of Civil Procedure (as incorporated by Bankruptcy Rule 7054 made applicable to this proceeding pursuant to Bankruptcy Rule 9014) is or may be applicable, there is no just reason for delay of entry of a separate and final judgment confirming the Plan pursuant to section 1129 of the Bankruptcy Code with respect to each of the Debtors.

OO.    <u>Implementation</u>.   All documents and agreements necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith, at arm's length, and are in the best interests of the Debtors, and shall, upon completion of documentation and execution be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law.

PP.    <u>Retention of Jurisdiction</u>.   The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

QQ.    <u>Releases by the Debtors</u>.   The releases by the Debtors set forth in Articles 10.4, 10.6 and 10.8(a) of the Plan represent a valid exercise of the Debtors' business judgment. Pursuing any such claims against the Released Parties is not in the best interests of the Debtors and their various constituencies, as each release was a bargained for element of the Plan—and the settlements contained therein—and, given that all Claims and Interests are Unimpaired under the Plan, the costs involved would likely outweigh any potential benefits from pursuing any such claims.  In addition, the Released Parties provided good and valuable consideration in exchange for the releases by the Debtors, including services and funding, as the case may be, by the Released Parties and otherwise facilitating the reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan.  The Plan Sponsor Contribution provided by the Plan Sponsor is good and sufficient consideration supporting the releases under

17

the Plan. Without the Plan Sponsor Contribution, the Unimpaired treatment of all Allowed Claims and Interests would not be possible.

Releases of the Released Parties by the Debtors are critically important to the success of the Plan agreed to by the Debtors' primary stakeholders and reflect and implement the concessions and compromises contained in the Plan. The Debtors received value from or on behalf of, and were aided in the reorganization process by, the Released Parties. The Released Parties played an integral role in the formulation and implementation of the Plan, including in ensuring that value is delivered to creditors at all levels of the Debtors' capital structure. The Plan reflects the settlement and resolution of several complex issues, and the releases by the Debtors are an integral part of the consideration to be provided in exchange for the compromises and resolutions embodied in the Plan.

Based on the record and the facts and circumstances of the Chapter 11 Cases, the Bankruptcy Court hereby determines that the releases by the Debtors in Articles 10.4, 10.6 and 10.8(a) of the Plan are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by the Debtors; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Estates from asserting any Claim or Cause of Action released pursuant to such release.

RR.    <u>Releases by Holders of Claims and Interests</u>. The circumstances of the Chapter 11 Cases render the releases by Holders of Claims and Interests set forth in Articles 10.5 and 10.8(b) of the Plan critical to the success of the Plan. The releases in Articles 10.5 and 10.8(b) of the Plan are: (1) in exchange for the good and valuable consideration provided by the Released

Parties, including, without limitation, the Plan Sponsor Contribution provided by the Plan Sponsor, without which the Unimpaired treatment of all Allowed Claims and Interests would not be possible; (2) a good faith settlement and compromise of the claims, interests, causes of action, and controversies released by the Holders of Claims and Interests granting the releases pursuant to the terms of the Plan; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, reasonable, and necessary to the Debtors' reorganization; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the parties granting the releases set forth in Articles 10.5 and 10.8(b) of the Plan from asserting any claims, interests, causes of action, and controversies released by such party against any of the Released Parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Notice.  Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2.    No Solicitation.  No solicitation of votes on the Plan was necessary or appropriate because all Class of Claims and Interests are Unimpaired and are deemed conclusively to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

3.    Confirmation.  The Plan, including the Plan Supplement, and all other documents and agreements necessary to implement the Plan (as the Plan, Plan Supplement and such other documents may be expressly amended or modified by this Confirmation Order or in accordance with the Plan) and each of their provisions are confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code.  The Plan Supplement Documents, and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto

(including all exhibits, schedules and attachments thereto and documents referred to in such papers), and the execution, delivery, and performance thereof, are authorized and approved as finalized.    Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and those restrictions on modifications set forth in the Plan, the Debtors expressly reserve their rights to, with the consent of the Plan Sponsor, alter, amend or modify materially the Plan with respect to the Debtors, one or more times, after Confirmation, and, to the extent necessary, may, with the consent of the Plan Sponsor, initiate proceedings in the Bankruptcy Court to so alter, amend or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.    As set forth in the Plan, once finalized and executed, the documents comprising the Plan Supplement and all other documents contemplated by the Plan shall, as applicable, constitute legal, valid, binding and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.    The terms of the Plan, the Plan Supplement Documents and exhibits thereto are incorporated by reference into, and are an integral part of, the Confirmation Order.    Notwithstanding anything in the Plan or Confirmation Order to the contrary, no provision of the Plan affecting the DIP Claims, DIP Lenders, DIP Agent, Secured Notes, Secured Noteholders, Secured Notes Indenture Trustee, Unsecured Notes, Unsecured Noteholders, or Unsecured Notes Indenture Trustee may be modified without the consent of the affected party or further order of the Court, and without prior advance notice to the Creditors Committee.

4.      Record Closed.  The record of the Confirmation Hearing is closed.

5.      Findings of Fact and Conclusions of Law.    The Findings of Fact and the Conclusions of Law set forth herein shall constitute findings of fact and conclusions of law

20

pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following constitute findings of fact or conclusions of law, they are adopted as such. To the extent any findings of fact or conclusions of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitute an order of the Bankruptcy Court, they are adopted as such.

      6.    <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues raised by the objections to Confirmation, or which might have been raised, and the objections to Confirmation have been fully and fairly litigated. All objections to Confirmation and other responses or reservation of rights with respect to Confirmation have been withdrawn, waived, or otherwise resolved by the Debtors prior to entry of this Confirmation Order. To the extent that any objections (including any reservations of rights contained therein) to Confirmation or other responses or reservation of rights with respect to Confirmation have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, are not cured by the relief granted herein, otherwise resolved as stated by the Debtors on the record of the Confirmation Hearing, or as provided in this Confirmation Order, all such objections, including the limited objection of the Secretary of Labor [Docket No. 867], and any reservation of rights contained in such objections, other responses and reservation of rights with respect to Confirmation, shall be, and hereby are, overruled on the merits.

7.    <u>Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

8.    <u>Plan Classification Controlling</u>. The classifications of Claims and Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.

9.    <u>Binding Effect</u>. Upon the occurrence of the Effective Date, the terms of the Plan, the Plan Supplement Documents, and the Confirmation Order shall immediately be effective and enforceable and deemed binding upon the Debtors and any entity acquiring or receiving property or a Distribution under the Plan and any Holder of a Claim against or Interest in the Debtors, whether or not the Claim or Interest of such Holder is Impaired under the Plan, whether or not the Claim or Interest is Allowed and, to the fullest extent under applicable law, whether or not such Holder or entity has accepted the Plan. The rights, benefits and obligations of any entity named or referred to in the Plan or the Plan Supplement Documents shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, if any, of such entities.

10.    <u>Objection to Claims</u>. Except with respect to Claims that are Allowed pursuant to the Plan or as otherwise provided in the Plan, after the Effective Date, the Reorganized Debtors shall have standing and the authority to object to Claims in accordance with the provisions of Article VIII of the Plan. Any objection to Claims shall be filed and served on or before the latest of (a) the Claims Objection Deadline, or (b) such later date as may be established by the Bankruptcy Court upon request of the Reorganized Debtors without further notice to parties-in-interest.

11.     Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).    Pursuant to Article VII of the Plan, on the Effective Date, except as otherwise provided in the Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, each of the Debtors' Executory Contracts and Unexpired Leases not previously assumed or rejected pursuant to an order of the Bankruptcy Court or by operation or law are deemed automatically assumed as of the Effective Date, except for an Executory Contract or Unexpired Lease that: (i) is listed on the Schedule of Rejected Executory Contracts and Unexpired Leases in the Plan Supplement Documents; (ii) was previously assumed or rejected by operation of law or by the Debtors pursuant to an order of the Bankruptcy Court on or prior to the Confirmation Date; (iii) previously expired or was terminated pursuant to its own terms; or (iv) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date.

This Confirmation Order shall constitute an order approving the assumptions or rejections of such Executory Contracts and Unexpired Leases as set forth in the Plan (and Plan Supplement Documents), all pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order, and not assigned to a third party on or prior to the Effective Date, shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by order of the Bankruptcy Court.  To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including, without limitation, any "change of control" provision), then such

23

provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the counterparty thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default related rights with respect thereto.

Notwithstanding anything to the contrary in the Plan, the Debtors' right, with the consent of the Plan Sponsor, to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases in the Plan Supplement is hereby reserved, prior to the Effective Date.

12.    Cure Proceedings and Payments. With respect to each of the Executory Contracts or Unexpired Leases assumed under the Plan and this Confirmation Order, the Debtors have designated a proposed Cure in accordance with the terms of the Plan, and the assumption of such Executory Contract or Unexpired Lease is conditioned upon the disposition of all issues with respect to the Cure pursuant to the procedures set forth in the Plan, as applicable. Except as otherwise set forth on the Cure Notice, the Cure Amount with respect to each of the Executory Contracts or Unexpired Leases assumed hereunder is designated by the Debtors as zero dollars, subject to the determination of a different Cure Amount pursuant to the procedures set forth in the Plan and in the Cure Notice. Except with respect to Executory Contracts and Unexpired Leases for which the Cure Amount is zero dollars, or for which the Cure Amount is in dispute, the Cure shall be satisfied by the Reorganized Debtors or their assignee, if any, by payment of the Cure in Cash within 30 days following the occurrence of the Effective Date or as soon as reasonably practicable thereafter, or on such other terms as may be ordered by the Bankruptcy Court or agreed upon by the parties to the applicable Executory Contract or Unexpired Lease without any further notice to or action, order, or approval of the Bankruptcy Court. Any provisions or terms of the Executory Contracts or Unexpired Leases to be assumed pursuant to

the Plan that are, or may be, alleged to be in default, shall be satisfied solely by Cure, or by an agreed-upon waiver of Cure. If there is a dispute regarding such Cure, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of Cure shall occur as soon as reasonably practicable after entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment), or as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease; provided, however, that the Debtors or the Reorganized Debtors, as applicable, shall have the right either to reject or nullify the assumption of any Executory Contract or Unexpired Lease after entry of a Final Order determining the Cure or any request for adequate assurance of future performance required to assume such Executory Contract or Unexpired Lease.

13.     Pursuant to Section 7.2(g) of the Plan, if an objection to the proposed assumption and/or to the Cure of an Executory Contract or Unexpired Lease is timely filed and received in accordance with the procedures set forth in Section 7.2(f) of the Plan, and the applicable parties do not reach a consensual resolution of the objection, then a hearing with respect to such objection shall be scheduled by the Bankruptcy Court or the Debtors or Reorganized Debtors. Pursuant to Section 7.2(h) of the Plan, if the Cure dispute with respect to Executory Contracts and/or Unexpired Leases is not resolved by the Effective Date, the Debtors or the Reorganized Debtors (as applicable), with the consent of the Plan Sponsor, may designate any such contract for rejection at any time prior to the payment of the Cure. The rights of the Debtors or the Reorganized Debtors, as applicable, are reserved either to reject or nullify the assumption of any Executory Contract or Unexpired Lease after a Final Order determining the Cure to assume such

Executory Contract or Unexpired Lease is made. Any such rejection shall be deemed to be as of the Effective Date, and the counterparty to such rejected Executory Contract or Unexpired Lease shall have the right to assert any Claim on account of such rejection subject to compliance with the requirements of the Plan.

14.    Bar Date for Rejection Damage Claims.  If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtors, their Estates, the Reorganized Debtors or any of their properties unless a Proof of Claim is Filed with the Notice and Claims Agent and served upon counsel to the Reorganized Debtors within thirty (30) days after the later of the date of (a) entry of the Confirmation Order and (b) entry of the order rejecting the applicable Executory Contract or Unexpired Lease.  The foregoing applies only to Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a Proof of Claim Filed by the applicable Bar Date or shall be barred and unenforceable.

15.    Effective Date Transactions.  Based upon the record of the Chapter 11 Cases, the transactions and documents contemplated by Article VI of the Plan are hereby authorized and approved without the need for any further corporate action, including, but not limited to, entry into the Exit Facility Documents and any other applicable Plan Transaction Documents.

16.    Continued Corporate Existence. Each of the Reorganized Debtors shall continue to exist after the Effective Date with all powers of a corporation or a limited liability company under the laws of the respective jurisdiction governing their formation or incorporation and pursuant to their respective governance documents, which shall continue to exist and remain in full force and effect, and without prejudice to any right to alter or terminate such existence

26

(whether by merger or otherwise) under applicable federal or state law, except as such rights may be limited, modified and conditioned by the Plan, the Plan Supplement Documents, and any other documents and instruments executed in connection therewith.

17.   Cancellation of Old Optima Securities and Agreements. On the Effective Date, and upon receipt by the Unsecured Notes Indenture Trustee of the payments and distributions required to be paid pursuant to Articles 4.3 and 13.4 of the Plan, except as otherwise specifically provided for in the Plan, (a) the Old Optima Securities and any other note, bond, indenture, Certificate, or other instrument or document evidencing or creating any funded-debt indebtedness or debt obligation of the Debtors (including the Unsecured Notes Indenture and the Secured Notes Indenture), shall be deemed to be automatically cancelled without further action by any person, and (b) the obligations of and Claims against Optima and/or any of the Debtors under, relating, or pertaining to any agreements, indentures or similar documents governing the Old Optima Securities, and any other note, bond, indenture, Certificate, or other instrument or document evidencing or creating any funded-debt indebtedness or obligation of the Debtors, as the case may be, shall be deemed to be automatically released and discharged and cancelled without further action by any person; provided, however, that any agreement (including the Unsecured Notes Indenture and the Secured Notes Documents) that governs the rights of a Holder of a Claim and that is administered by a Servicer shall continue in effect solely for the purposes of allowing such Servicer to (w) make the distributions on account of such Claims under the Plan and perform such other necessary functions with respect thereto, if any, as provided for in Article 9.4 of the Plan, (x) maintain and exercise its Charging Lien or other right to priority payment against distributions under the Plan on account of such Servicer's reasonable fees, expenses, and indemnities owed to such Servicer under the terms of the Unsecured Notes

27

Indenture, (y) prepare, execute, and/or make any documents or other filings evidencing the release of the Secured Notes Indenture Trustee's Liens in the Collateral (as defined in the Secured Notes Documents) and effectuate the transfer of any Collateral (as defined in the Secured Notes Documents) in each case in accordance with the Secured Notes Documents, and (z) enforce any indemnification obligations in accordance with Article 10.10 of the Plan.  For the avoidance of doubt, reasonable fees and expenses owed to any Servicer for any distributions made to Holders of Class 3-A Claims shall be paid by the Debtors or Reorganized Debtors, as applicable, pursuant to Article 13.4 of the Plan and, only to the extent not paid by the Debtors or Reorganized Debtors, as applicable, shall remain subject to any Charging Lien maintained by any Servicer under the Unsecured Notes Documents.  On and after the Effective Date, all duties and responsibilities of the DIP Agent under the DIP Facility, the Unsecured Notes Indenture Trustee under the Unsecured Notes Documents, and the Secured Notes Indenture Trustee under the Secured Notes Documents shall be discharged and deemed satisfied except to the extent required in order to make distributions to Holders of DIP Claims and Unsecured Noteholder, as applicable, and to otherwise effectuate the Plan. For the avoidance of doubt, nothing contained in the Plan or this Confirmation Order shall in any way limit or affect the standing of the DIP Agent, the Unsecured Notes Indenture Trustee, or the Secured Notes Indenture Trustee to appear and be heard in the Chapter 11 Cases on and after the Effective Date.

18.     General Authorizations.  The entry of the Confirmation Order shall constitute authorization for the Debtors to take or cause to be taken all corporate and limited liability company (as applicable) actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on, and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy

Court.  All such actions shall be deemed to have occurred and shall be in effect pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the officers, partners, members, stockholders, directors or managers of the Debtors or the Reorganized Debtors.  On or prior to the Effective Date, the appropriate officers, partners, members, stockholders, directors and managers of the Debtors or the Reorganized Debtors, in the name and on behalf of the Debtors or the Reorganized Debtors, are authorized and directed to execute and deliver the agreements, documents, and instruments contemplated by the Plan, including, without limitation and to the extent applicable, each of the Plan Transaction Documents.

19.    <u>Plan Supplement Documents</u>.  The forms, terms and provisions of each of the Plan Supplement Documents are hereby approved.  The Plan Supplement Documents shall be deemed incorporated into the Plan by reference and are a part of the Plan as if set forth in full therein.

20.    <u>Securities Law Exemption</u>.    The offering, issuance and distribution of any securities pursuant to the Plan, including the Reinstatement of Existing Optima Common Stock pursuant to the Plan, and any and all settlement agreements incorporated therein are exempt from applicable federal and state securities laws (including blue sky laws), registration and other requirements, including but not limited to, the registration and prospectus delivery requirements of Section 5 of the Securities Act, pursuant to section 1145 of the Bankruptcy Code or, if section 1145 of the Bankruptcy Code is not available, pursuant to Section 4(a)(2) of the Securities Act or another available exemption from registration under the Securities Act, as applicable.

21.    <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any

other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

22.    <u>Filing and Recording</u>. This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

23.    <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation all such instruments or other documents governing or evidencing such transfers without the payment of any such tax, recordation fee, or governmental assessment.

24.    <u>Administrative Claims</u>. Except as otherwise provided for in Article II of the Plan, all requests for payment of an Administrative Claim must be filed, in substantially the form of the Administrative Claim Request Form contained in the Plan Supplement, with the Claims Agent and served on counsel for the Debtors or the Reorganized Debtors, as applicable, **no later**

**than thirty (30) days after the Effective Date**. Any request for payment of an Administrative Claim pursuant to Article 2.1 of the Plan that is not timely filed and served shall be Disallowed automatically without the need for any objection from the Reorganized Debtors. The Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. In the event that the Reorganized Debtors object to an Administrative Claim and there is no settlement, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. The form of the Administrative Claim Request Form is approved.

25.    <u>Professional Fee Claims</u>. All final requests for payment of Professional Claims and requests for reimbursement of expenses of members of the Creditors' Committee must be **filed no later than forty-five (45) days after the Effective Date**. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code, the Bankruptcy Rules and prior orders of the Bankruptcy Court, the Allowed amounts of such Professional Claims shall be determined by the Bankruptcy Court.

26.    <u>Statutory Fees</u>. All fees payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtors on or before the Effective Date and all such fees payable after the Effective Date shall be paid by the applicable Reorganized Debtor. The obligation of each of the Reorganized Debtors to pay quarterly fees to the Office of the United States Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Cases are closed.

27.    <u>Settlements</u>. Any and all compromises or settlements reflected in the Plan, including the Plan Supplement Documents, are hereby approved.

28.    <u>Substantive Consolidation</u>. In light of the fact that deemed substantive consolidation for distribution purposes will not prejudice any party and is appropriate given the

structure of the Plan and the treatment of creditors thereunder, the deemed substantive consolidation of the Chapter 11 Cases and Estates of the Debtors for distribution purposes only is in the best interests of the Debtors' stakeholders and is appropriate under Bankruptcy Code section 105(a) and is hereby approved.

29.    <u>Distributions</u>.    Except as otherwise specifically provided in the Plan, the distributions, rights and treatments that are provided in the Plan shall be in full and complete satisfaction, discharge and release in accordance with the Plan.  Distributions received under the Plan are in exchange for fair and reasonably equivalent value and do not constitute a fraudulent conveyance or transfer and are not otherwise avoidable under any provision of the Bankruptcy Code or applicable non-bankruptcy law.

30.    <u>Return of Deposits</u>.  All Entities that received a deposit or other form of adequate assurance of performance under section 366 of the Bankruptcy Code during these Chapter 11 Cases must return such deposit or other form of adequate assurance of performance to the Debtors or the Reorganized Debtors, as the case may be, no later than 14 days after the Effective Date, if not returned earlier.

31.    <u>Dissolution of Creditors' Committee</u>.    Effective on the Effective Date, the Creditors' Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any further duties, responsibilities, and liabilities in the Chapter 11 Cases and under the Bankruptcy Code, provided that obligations arising under confidentiality agreements, joint interest agreements, and protective orders entered during the Chapter 11 Cases shall remain in full force and effect according to their terms.  The Creditors' Committee's professionals may file their Final Fee Applications to request payment of their respective Professional Claims.  The Professionals retained by the Creditors' Committee and jointly by the

32

Creditors' Committee and the Debtors and the respective members of the Creditors' Committee shall not be entitled to compensation and reimbursement of expenses for services rendered after the Effective Date, provided, however, that notwithstanding the foregoing, the Professionals retained by the Creditors' Committee shall be entitled to submit invoices for compensation and reimbursement of expenses for time spent with respect to the filing and prosecuting of applications for the allowance of compensation and reimbursement of expenses filed after the Effective Date, and have such allowed amounts paid from the Holdback Escrow Account.

32.     Discharge.  As of the Effective Date, except as provided in the Plan or this Confirmation Order, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors or any of their assets or properties, any other or further Claims, Interests, debts, rights, Causes of Action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date.

33.     Releases, Exculpation, Injunction and Related Provisions.  It is hereby ordered that the Bankruptcy Court approves of and grants the releases, exculpations, injunctions and related provisions set forth in Article X of the Plan and determines that they are (a) in exchange for good and valuable consideration, representing a good faith settlement and compromise of the Claims and Causes of Action thereby released; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) approved after due notice and opportunity for a hearing; and (e) a bar to any of the Holders of Claims and Interests asserting any Claim or Cause of Action thereby released.

34.     Except as provided in the Plan, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim, Interest, or other debt or

liability that is discharged pursuant to Article 10.2 of the Plan, released pursuant to Articles 10.4, 10.5, 10.6 and 10.8 of the Plan, or is subject to exculpation pursuant to Section 10.7 of the Plan, are permanently enjoined from taking any of the following actions against the Released Parties or Unsecured Notes Released Parties or any of their respective assets or property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights:   (a) commencing or continuing, in any manner or in any place, any action or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Released Parties or Unsecured Notes Released Parties or their respective assets or property; (c) creating, perfecting, or enforcing any Lien or encumbrance; (d) asserting a right of setoff, recoupment or subrogation of any kind against any debt, liability, or obligation due to the Released Parties or Unsecured Notes Released Parties; or (e) commencing or continuing any action, in each such cases in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.  Without limiting the effect of the foregoing, by accepting distributions pursuant to the Plan, each Holder of an Allowed Claim or Interest receiving a distribution pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in Article 10.11 of the Plan.  For the avoidance of doubt, nothing in this paragraph shall affect, diminish or impair the release carveouts set forth Article 10.16 of the Plan.

35.    Indemnification Obligations. From and after the Effective Date, the Reorganized Debtors will indemnify each Indemnitee to the same extent of any Indemnification Obligation in effect immediately prior to the Effective Date. The Reorganized Debtors' indemnification obligation shall remain in full force and effect and shall not be modified, reduced, discharged, impaired, or otherwise affected in any way. The treatment of Indemnification Obligations in

34

Article 10.9 of the Plan shall be in complete satisfaction, discharge, and release of any Claim on account of such Indemnification Obligation of the Debtors, except that any Indemnitee may assert a Claim in the Chapter 11 Cases for any prepetition Indemnification Obligation that is not satisfied because of the limitation contained in the first sentence thereof.

36.    <u>Subordination Rights</u>. Article 10.12 of the Plan is incorporated into this Confirmation Order as if set forth in full herein, is found to be fair and reasonable, is hereby approved in its entirety, and shall be, and hereby is, effective and binding subject to the terms thereof.

37.    <u>Release of Liens</u>. Except as otherwise provided in the Plan, including Article 4.2 of the Plan, or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released, and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns. Notwithstanding the above, nothing in the Plan or the Confirmation Order shall release any deed restriction, easements, or institutional control that runs with the land under environmental law.

38.    <u>Terms of Injunction and Automatic Stay</u>. Unless otherwise provided in the Plan, all injunctions or stays arising under section 105 or section 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the Effective Date.

39.    <u>Preservation of Setoff and Recoupment Rights</u>. Notwithstanding any provision to the contrary in the Plan, this Confirmation Order, and any documents implementing the Plan,

nothing shall bar any Creditor from asserting its setoff or recoupment rights to the extent permitted under section 553 or any other applicable provision of the Bankruptcy Code.

40.    <u>Payment of Certain Additional Fees and Expenses</u>.    Notwithstanding any provision in the Plan to the contrary, on the Effective Date, all unpaid fees and expenses of the DIP Agent and the DIP Professionals, including the reasonably estimated fees and expenses to be incurred through the Effective Date, shall be paid in full in Cash by the Debtors or Reorganized Debtors (as applicable); provided, that following the Effective Date, any such amounts paid to the DIP Agent and the DIP Professionals in excess of such fees and expenses actually and reasonably incurred through the Effective Date shall be returned to the Reorganized Debtors. All unpaid, reasonable and documented fees and expenses of the advisors to DDJ Capital Management, LLC shall be paid in accordance with the foregoing procedure pursuant to this Article 13.3 of the Plan; provided that in the event that the conditions set forth in clauses "(i)" and "(ii)" of Article 4.3(c) are determined by a final and non-appealable order not to have been satisfied, solely with respect to any invoice served in accordance with paragraph 29 of the Final DIP Order after June 1, 2017, the Debtors or Reorganized Debtors, as applicable, reserve the right to assert that any fees and expenses of counsel to DDJ Capital Management, LLC are not payable under the DIP Order. In addition, to the extent the DIP Agent or DIP Lenders incurs any costs, fees or expenses related to the period after the Effective Date in connection with distributions made pursuant to the Plan or to otherwise effectuate the Plan, such costs, fees and expenses reasonably incurred shall be promptly paid in full in cash by the Debtors or Reorganized Debtors (as applicable). On or as soon as practicable following the Effective Date, the Reorganized Debtors shall reimburse and pay to the Plan Sponsor all reasonable and

documented legal professional fees and expenses incurred by the Plan Sponsor in connection with the Chapter 11 Cases.

41.     <u>Payment of Fees and Expenses of the Secured Notes Indenture Trustee and Unsecured Notes Indenture Trustee</u>.  Notwithstanding any provision in the Plan to the contrary, the Debtors or Reorganized Debtors (as applicable) shall promptly pay in full in Cash any outstanding reasonable and documented Unsecured Notes Indenture Trustee Fees incurred by the Unsecured Notes Indenture Trustee without the need for such parties to file fee applications with the Bankruptcy Court; provided that on the Effective Date, all reasonable and documented unpaid Unsecured Notes Indenture Trustee Fees, including the reasonably estimated Unsecured Notes Indenture Trustee Fees to be incurred through the Effective Date, shall be paid in full in Cash by the Debtors or Reorganized Debtors (as applicable); provided, further, that following the Effective Date, any such amounts paid in excess of such fees and expenses actually and reasonably incurred through the Effective Date shall be returned to the Reorganized Debtors. Nothing herein shall be deemed to impair, waive, discharge, or negatively impact the Charging Lien of the Unsecured Notes Indenture Trustee.  The Debtors and Reorganized Debtors shall have no obligation to pay Unsecured Notes Indenture Trustee Fees that may be incurred after the Effective Date.

42.     Notwithstanding any provision in the Plan to the contrary, the Debtors or Reorganized Debtors (as applicable) shall promptly pay in full in Cash any outstanding reasonable and documented Secured Notes Indenture Trustee Fees incurred by the Secured Notes Indenture Trustee without the need for such parties to file fee applications with the Bankruptcy Court; provided, however, that, to receive payment on the Effective Date, the Secured Notes Indenture Trustee and their respective counsel shall provide the Debtors and the Plan Sponsor

with the invoices, as applicable, for which it seeks payment within ten (10) Business Days prior to the Effective Date; provided, further, that if the Debtors and the Plan Sponsor, as applicable, have previously agreed to or have no objection to such reasonable fees, such reasonable fees shall be paid on or as soon as practicable after the Effective Date. To the extent that the Debtors and/or the Plan Sponsor, as applicable, object in writing prior to the expiration of the ten (10) Business Day payment period to any of the Secured Notes Indenture Trustee Fees not previously agreed to, the Debtors shall not be required to pay any disputed portion of such amounts until a resolution of such objection is agreed to by the Debtors and/or the Plan Sponsor, as applicable, or a further order of the Bankruptcy Court upon a motion by the Secured Notes Indenture Trustee.

43.    Resolution of Confirmation Objections. The *Limited Objection of the Secretary of Labor to the Second Amended Joint Chapter 11 Plan of Reorganization of Optima Specialty Steel, Inc. and Its Affiliated Debtors, Dated June 16, 2017* [Docket No. 867] is resolved by certain revisions to and included in the Plan and by the inclusion of paragraph 44 to this Order.

44.    For the avoidance of doubt, nothing in the Plan (including without limitation the Plan definitions of "Released Parties" and "Exculpated Parties," and Articles 10.5, 10.7 and 10.8(b) of the Plan) shall limit the liability of any person or Entity (other than the Debtors) for any pre- or post-Petition Date action taken or omitted to be taken by any such person or Entity as a fiduciary, co-fiduciary, party in interest or knowing participant in violation of ERISA with respect to any ERISA-covered employee benefit plan sponsored by the Debtors.

45.    No Res Judicata Effect. The entry of this Confirmation Order shall not have any res judicata or other preclusive effect with respect to any Causes of Action that are not expressly released by the terms of the Plan, and the entry of this Confirmation Order shall not be deemed a bar to asserting such Causes of Action.

46.     <u>Non-occurrence of Effective Date</u>. If the Effective Date does not occur or the Confirmation Order is vacated, then: (a) the Plan shall be null and void in all respects; (b) any settlement or release of Claims or Interests in the Debtors provided for hereby shall be null and void without further order of the Bankruptcy Court; (c) all findings of fact and conclusions of law in the Confirmation Order shall not be binding upon any person or entity and shall not (i) constitute a waiver or release of any Claims, Interests, or Causes of Action, (ii) prejudice in any manner the rights of the Debtors or any other person or entity, or (iii) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtors or any other person or entity; and (d) to the extent permitted under the Bankruptcy Code, the time within which the Debtors may assume and assign or reject all Executory Contracts and Unexpired Leases shall be extended for a period of one hundred twenty (120) days after the date the Confirmation Order is vacated.

47.     <u>Notice of Entry of Confirmation Order</u>. Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), the Debtors or the Reorganized Debtors are directed to serve a notice of the entry of this Confirmation Order and the establishment of bar dates for certain Claims hereunder, on all parties that received the Confirmation Hearing Notice, no later than five (5) Business Days after the Confirmation Date; provided, however, that the Debtors or the Reorganized Debtors shall be obligated to serve the Confirmation Notice only on the record Holders of Claims or Interests as of the Confirmation Date.

48.     <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, the Plan Supplement Documents, and all other documents and agreements necessary to implement the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

49.    <u>Final Order</u>.  This Confirmation Order is a final order and the period in which any appeal must be filed shall commence immediately upon the entry hereof.

50.    <u>Severability</u>.  Each term and provision of the Plan, as it may have been altered or interpreted by the Bankruptcy Court, is valid and enforceable pursuant to its terms.

51.    <u>Reference to Plan Provisions</u>.  The Plan is confirmed in its entirety as to each Debtor and is hereby incorporated into this Confirmation Order by reference (subject to any provision incorporated by such reference being governed by an express and contradictory provision herein).  The failure to reference or discuss any particular provision of the Plan, the Plan Supplement Documents, or any related document in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect and enforceability of such provision, and each provision of the Plan, the Plan Supplement Documents, or any related document shall have the same validity, binding effect and enforceability as if fully set forth in this Confirmation Order.

52.    <u>Headings</u>.  Headings utilized in this Confirmation Order are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

53.    <u>Conflicts with Confirmation Order</u>.  To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Bankruptcy Court.

54.    <u>Reversal</u>. If any of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by a subsequent order of the Bankruptcy Court or any other court,

40

such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to written notice of such order by the Debtors.    Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan and any amendments of modifications to the foregoing.

55.    Stay of Confirmation Order.    The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived.    This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062.

56.    Separate Confirmation Orders.    This Confirmation Order is and shall be deemed a separate and final Confirmation Order with respect to each of the Debtors in each Debtor's Chapter 11 Cases for all purposes.    The Clerk of the Bankruptcy Court is directed to file and docket this Confirmation Order in the Chapter 11 Case of each of the Debtors.

Dated: June 29, 2017

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE