# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPTIMA SPECIALTY STEEL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12789 (KJC)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 877** |

## ORDER AUTHORIZING THE DEBTORS TO (A) ENTER INTO EXIT FINANCING COMMITMENT LETTERS AND RELATED FEE LETTER, (B) INCUR AND PAY CERTAIN FEES, INDEMNITIES, COSTS AND EXPENSES IN CONNECTION THEREWITH AND (C) FILE THE FEE LETTER UNDER SEAL

Upon the motion dated June 27, 2017 (the "**Motion**"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for an order authorizing the Debtors to (a) enter into (i) the Commitment Letter, relating to the proposed Exit Facility consisting of a $115 million unitranche term loan facility (which shall include an additional $15 million in the form of delayed draw loans), and (ii) the Fee Letter; (b) perform their obligations under the Exit Financing Commitment Documents, including, without limitation, their obligations to incur and pay fees, indemnifications obligations, costs and expenses as provided in the Exit Financing Commitment Documents; and (c) file the Fee Letter under seal, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue

---

[1] The Debtors in these Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Optima Specialty Steel, Inc., 200 S. Biscayne Blvd., Suite 5500, Miami, FL 33131-2310 (0641); Michigan Seamless Tube LLC, 400 McMunn Street, South Lyon, MI 48178 (3850); Niagara LaSalle Corporation, 1412 150th Street, Hammond, IN 46327 (0059); KES Acquisition Company d/b/a Kentucky Electric Steel, 2704 South Big Run Road, Ashland, KY 41102 (2858); and The Corey Steel Company, 2800 South 61st Court, Cicero, IL 60804 (0255).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee or examiner having been appointed in these Chapter 11 Cases; and notice of the Motion having been provided and upon all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED as follows:

1. The Motion is granted.

2. Pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Exit Financing Commitment Documents, and the terms provided therein, are hereby approved.

3. The Debtors are authorized to enter into, execute, deliver, and perform their obligations (including payment obligations) under the Exit Financing Commitment Documents pursuant to section 363 of the Bankruptcy Code and to negotiate, prepare and finalize the documentation evidencing or otherwise effectuating the Exit Facility, and, if the Plan is confirmed, to enter into the Exit Facility in connection with consummation of the Plan.

4. The Debtors are authorized to accept, incur and perform all of their obligations under the Exit Financing Commitment Documents, including, without limitation, incurring and paying all fees required to be paid thereunder, reimbursing the Commitment Parties for their reasonable costs and expenses, and indemnifying the Commitment Parties, all on the terms and conditions set forth in the Exiting Financing Commitment Documents as and when such fees, costs, expenses, and other obligations are incurred and become due, and without any other or further order of the Court.

5. All of the Debtors' obligations under the Exit Financing Commitment Documents and all of the rights of the Commitment Parties thereunder, including, without limitation, the Debtors' obligation to pay to the Commitment Parties, and the Commitment Parties' right to receive, all amounts due and owing to each of the Commitment Parties pursuant to (and to the extent provided in) the Exit Financing Commitment Documents (including, without limitation, the fees and indemnities as set forth in the Exit Financing Commitment Documents (including the Pre-Emergence Exit Facility Obligations but excluding the Exit Facility Fees, which are to be incurred and become payable by the Reorganized Debtors from and after the closing of the Exit Facilities) and reimbursement of all reasonable costs and expenses incurred in connection with the transactions contemplated thereunder) are actual, necessary costs and expenses of preserving these estates and shall be treated as allowed administrative expenses under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code and may be paid as and when due without further order of the Court, whether or not the Exit Facility is entered into or funded, and none of such amounts shall be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors.

6. Notwithstanding anything to the contrary in the Exit Financing Commitment Documents or this Order, the Alternate Transaction Fee shall not be paid prior to payment in full in cash of the DIP Claims (as defined in the Plan).

7. Notwithstanding anything herein to the contrary, this Order does not authorize the Debtors to borrow any funds under the Exit Financing Commitment Documents or to pledge any assets to secure any obligations under the Exit Facilities, all of which will be subject to approval in connection with confirmation of the Plan.

8. The automatic stay of section 362 of the Bankruptcy Code is hereby deemed modified to the extent necessary to enable the Commitment Parties to perform under the Exit

Financing Commitment Documents and, in each case, to exercise any and all of their contractual rights thereunder, without seeking further relief from the automatic stay, and neither the Debtors nor any other party in interest may enforce the automatic stay against the Commitment Parties with respect to these rights.

9. The Debtors are authorized to file the Fee Letter under seal, which shall remain under seal and confidential and shall not be made available to anyone without the written consent of the Debtors and the Commitment Parties; provided that the Fee Letter may be disclosed only to the Limited Notice Parties on a confidential basis.

10. Service of the Motion with all exhibits, without transmittal of the Fee Letter (other than with respect the transmittal to the Limited Notice Parties), to all parties entitled to receive notice of the Motion, is hereby deemed due and sufficient notice under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

11. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Fee Letter strictly confidential and shall not disclose its contents to any party whatsoever, except as otherwise agreed to in writing by the Debtors and the Commitment Parties; and it is further

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry, and shall not be stayed.

13. The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and to implement the Exit Financing Commitment Documents.

14. The terms and provisions of this Order shall be binding in all respects upon all parties in these cases, the Debtors, their estates, and all successors and assigns thereof, including

any chapter 7 trustee or chapter 11 trustee appointed in any of these Chapter 11 Cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code or any plan agent, administrator or trustee no matter how denominated.

15. The provisions and effect of this Order, any actions taken pursuant to this Order and the respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of these cases, appointment of a trustee herein (or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code), or the substantive consolidation of these Chapter 11 Cases with any other case or cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

16. Nothing contained in any chapter 11 plan proposed in any of these Chapter 11 Cases or any order confirming any plan or in any other order in these cases or any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code shall alter, conflict with, or derogate from, the provisions of this Order.

17. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: June 29, 2017
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge